UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
MARCELLA ETCHEBEHERE, on behalf of
herself, individually, and all others
similarly situated,

                         Plaintiff,

     -against-

C AND T HOMECARE SERVICES LLC, and
JAHID HOSSAIN,

                         Defendants.
-----------------------------------------------------------------

Docket No.:

**COMPLAINT**

*Jury Trial Demanded*

Plaintiff MARCELLA ETCHEBEHERE ("Plaintiff"), on behalf of herself, individually, and on behalf of all others similarly situated, by and through her attorneys, the LAW OFFICE OF PETER A. ROMERO PLLC, as and for her Complaint against Defendant C AND T HOMECARE SERVICES LLC and JAHID HOSSAIN (collectively as "Defendants"), alleges and complains as follows:

**PRELIMINARY ACTION**

1. Plaintiff brings this action to recover unpaid overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law, Articles 6 and 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 142 ("NYLL"), failure to pay wages in accordance with the agreed terms of her employment under the NYLL, for failure to furnish accurate wage statements for each pay period under NYLL § 195(3), for failure to provide a wage notice upon her hire under NYLL § 195(1), and for failure to issue timely payment of wages pursuant to NYLL § 191.

2. Plaintiff brings this lawsuit against the Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of herself, individually, and on behalf of

all others similarly situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' willful violations of the FLSA as asserted in Plaintiff's First Claim for Relief.  Plaintiff brings her Second through Sixth Claims for Relief under the NYLL on behalf of herself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

3. Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of herself, individually, and on behalf of all others similarly situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL asserted in Plaintiff's Second through Sixth Claims for Relief and the supporting New York State Department of Labor regulations.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under 29 U.S.C. § 201, *et seq*. and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the claims occurred within the Eastern District of New York.

## THE PARTIES

6. At all relevant times, Plaintiff MARCELLA ETCHEBEHERE is and was a resident of the Eastern District of New York.

7. At all relevant times, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e) and New York Labor Law § 190(2).

8. At all relevant times, Defendant C AND T HOMECARE SERVICES LLC is a domestic limited liability company with its principal place of business at 175-61 Hillside Ave., Suite 403, Jamaica, New York 11432.

9. At all relevant times, C AND T HOMECARE SERVICES LLC was subject to the requirements of the FLSA because it had annual gross revenue of at least $500,000, was engaged in interstate commerce and had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, including but not limited to use of supplies, cleaning supplies, office supplies, pens, and paper, all of which undoubtably traveled in interstate commerce, and accepted payment for services that originate from out of New York State.

10. At all relevant times, Defendant JAHID HOSSAIN, was active in the day to day management of the corporate defendant, including the payment of wages to the Plaintiff and determining what wages were paid to Plaintiff, scheduling and hours worked, had the power to hire, fire and discipline employees and approve all personnel decisions, was responsible for maintaining personnel records relating to Plaintiff's employment, and is liable to Plaintiff as an "employer" within the meaning of the FLSA and NYLL.

**FACTS**

11. Defendants are a company and its owner that provide home health care services, among others, to elderly and disabled clients, with a location at 175-61 Hillside Avenue, Suite 206, Jamaica, New York 11432.

12. Plaintiff commenced her employment with Defendants in or about August 2018 as a home health aide, a position that she held until in or about April 2019. Plaintiff performed various non-exempt duties, including, *inter alia*, driving her clients to appointments, cooking, cleaning, repairing household fixtures, assisting clients with bathing, grooming, cleaning client's

toenails, assisting with client's skincare, doing laundry, changing client's bedding, assisting clients with using the restroom, helping dress clients and providing assistance with taking medications.

13. From in or about August 2018 until in or about November 2018, Plaintiff was regularly required to work between nine to ten hours per day, and sometimes even more hours, for seven days per week. Accordingly, Plaintiff was regularly required to work, and did in fact work, far more than forty hours per workweek during this period.

14. From in or about November 2018 until in or about December 2018, Plaintiff was regularly required to work seven days per week, typically from 7:00 a.m. until 9:00 p.m. each workday. Accordingly, Plaintiff was regularly required to work, and did in fact work, far more than forty hours per workweek during this period.

15. From in or about January 2019 until in or about April 2019, Plaintiff was regularly required to work seven days per week, typically from 7:00 a.m. until between 10:00 p.m. to 10:30 p.m. each workday. Accordingly, Plaintiff was regularly required to work, and did in fact work, far more than forty hours per workweek during this period.

16. Throughout her employment, Defendants did not record the actual number of hours worked by Plaintiff. Rather, Defendants paid Plaintiff pursuant to a schedule of hours, without regard to the number of hours actually worked by Plaintiff.

17. During the first four weeks of her employment, Defendants scheduled Plaintiff to work five hours per day during seven days per week, for a total of thirty-five hours of scheduled work per week.

18. Throughout the remainder of her employment, Defendants scheduled Plaintiff to work six hours per day during seven days per week, beginning her shifts at 8:00 a.m. or 2:00 p.m., for a total of forty-two hours of scheduled work per week.

19. Throughout her employment, Defendants paid Plaintiff at various regular, straight-time hourly rates of pay only for the number of hours that she was scheduled to work each week, including for her scheduled hours worked in excess of forty hours during her workweeks.

20. However, Plaintiff regularly worked many additional hours beyond her scheduled hours without being paid any compensation both during her first forty hours of work per week and for hours worked in excess of forty for each week worked.  Accordingly, Defendants failed to pay her at any rate of pay for these hours worked.

21. Throughout her employment, Defendants failed to pay Plaintiff at the statutorily required overtime rate of one and one-half times her regular rates of pay for hours worked in excess of forty hours in violation of the FLSA and NYLL.

22. Throughout her employment, Defendants paid Plaintiff by check every two weeks. Thus, Defendants failed to timely pay Plaintiff her wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191.

23. Defendants failed to provide Plaintiff with a notice and acknowledgement of her wage rate in her primary language – or at all – upon her hire as required by NYLL § 195(1).

24. Throughout her employment, Defendants failed to provide Plaintiff with accurate wage statements containing the statutorily-mandated criteria for each pay period, including her accurate overtime rates of pay, number of regular and overtime hours worked, gross wages, deductions and net wages earned, as required by NYLL § 195(3).

25. Throughout her employment, Plaintiff frequently informed Defendants that she was required to work many hours beyond the hours allotted in her schedule without any additional pay,

thereby depriving her of overtime compensation. Defendants refused to correct their pay practices or compensate Plaintiff for such hours worked.

26. On multiple occasions during her employment, Plaintiff provided Defendants with records showing her actual hours worked, which reflected hours worked in excess of her scheduled hours and hours worked well in excess of forty hours per workweek. These records were disregarded by Defendants as they still paid Plaintiff according to her scheduled hours worked only, in violation of the FLSA and NYLL.

27. Instead, in response, Defendants told Plaintiff to revise these submitted records to reflect only forty hours of work during those workweeks as Defendants would not pay her for overtime hours worked.

28. Throughout her employment, Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and NYLL by failing to properly pay Plaintiff in accordance with her hours worked.

29. Defendants treated and paid Plaintiff and the putative collective action and class action members in the same or similar manner.

## COLLECTIVE ACTION ALLEGATIONS

30. At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decisions, policies, plans and common policies, programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to pay them overtime pay for hours worked in excess of forty (40) hours each week.

31. Upon information and belief, there are many current and former employees who are similarly situated to the Plaintiff, who have been underpaid in violation of the FLSA. The

named Plaintiff is representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as their own interests in bringing this action.

33. Plaintiff seeks to proceed as a collective action with regard to the First Claim for Relief, pursuant to 29 U.S.C. § 216(b), on behalf of herself and the following similarly situated employees:

> All persons who are currently, or have been employed, by the Defendants as a non-managerial Home Health Aide or in a similarly-situated position, at any time during the three (3) years prior to the filing of their respective consent forms ("FLSA Collective Action Plaintiffs").

33. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available from the Defendants. These similarly situated employees should be notified of and allowed to opt-into this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, persons similarly situated to the Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled and which has been unlawfully withheld from them by the Defendants.

## RULE 23 CLASS ACTION ALLEGATIONS

34. Plaintiff brings her Second through Sixth Claims for Relief under the New York Labor Law on behalf of herself, individually, and a class of persons under Fed. R. Civ. P. 23 consisting of all persons who are currently, or have been, employed by the Defendants as a non-managerial Home Health Aide or in a similarly-situated position at any time during the six (6) years prior to the filing of this action (hereinafter referred to as the "Class" or the "Class Members").

35. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendants. The hours assigned and worked, locations of client appointments, the position held, and rates of pay for each Class Member may also be determinable from Defendants' records. For purposes of notice, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

36. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests is presently within the sole control of Defendants, upon information and belief there are more than forty (40) individuals who are currently, or have been, employed by the Defendants in non-exempt positions at any time during the six (6) years prior to the filing of the Complaint in this action.

37. Defendants have acted and/or have refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

38. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    (a)    whether Defendants failed and/or refused to pay the Plaintiff and Class Members overtime compensation, where such employees worked in excess of forty hours in a single workweek;

    (b)    whether Defendants failed and/or refused to pay the Plaintiff and Class Members compensation in accordance with their agreed terms of employment for their hours worked;

    (c)    whether Defendants failed to keep and maintain true and accurate payroll records for all hours worked by Plaintiff and the Class Members;

    (d)    whether Defendants' policies, practices, programs, procedures, protocols, and plans regarding keeping and maintaining payroll records complied with the law;

    (e)    whether Defendants failed to furnish the Plaintiff and Class Members with accurate wage statement for each pay period;

    (f)    whether Defendants failed to furnish the Plaintiff and Class Members with wage notices in their native language at their times of hire;

    (g)    whether Defendants failed to timely pay Plaintiff and Class Members their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned;

    (h)    what was the nature and extent of the Class-wide injury and the appropriate measure of damages for the class; and

    (i)    whether Defendants' general practice of failing and/or refusing to pay Plaintiff and Class Members overtime compensation when such employees worked hours in excess of forty hours in a single week and compensation owed in accordance with their agreed terms of employment for their hours worked, was done willfully and/or with reckless disregard of the wage and hour laws.

39. Plaintiff's claims are typical of the claims of the Class that she seeks to represent. As part of a corporate-wide policy, Defendants failed to pay Plaintiff and the Class Members required overtime compensation, failed to pay Plaintiff and the Class Members in accordance with the agreed terms of their employment for certain hours worked, failed to provide them with accurate wage statements for each pay period, failed to provide a compliant wage notice at their times of hire, failed to pay timely wages under NYLL § 191, and failed to maintain required and accurate records of the hours worked by Plaintiff and the Class.

40. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class Members were subject to the same corporate practices of Defendants. Defendants' corporate-wide policies and practices affected all Class Members

similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

41. Plaintiff is able to fairly and adequately protect the interests of the Class, has no interests antagonistic to the Class and has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

42. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against the corporate Defendant.

43. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources. Treating the claims as a class action would result in a significant savings of these costs.

44. The members of the Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Class Members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendants' practices.

45. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so

can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FIRST CLAIM FOR RELIEF
### (FLSA OVERTIME VIOLATION)

46. Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, realleges and incorporates by reference the preceding allegations as if fully set forth herein.

47. Defendants employed Plaintiff and persons similarly situated to Plaintiff for workweeks longer than forty (40) hours.

48. Defendants willfully failed to pay Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, overtime compensation at the rate of one and one- half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

49. Defendants' failure to pay overtime compensation was willful.

50. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

51. For the foregoing reasons, Defendants are liable to Plaintiff, and any FLSA Collective Action Plaintiff who opts-into this action, for unpaid wages in an amount to be determined at trial, plus liquidated damages in the amount equal to the amount of unpaid wages, attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF
### (NYLL OVERTIME VIOLATION)

52. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, realleges and incorporates by reference the preceding allegations as if fully set forth herein.

53. Defendants employed Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, for workweeks longer than forty (40) hours.

54. Defendants failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, overtime compensation at a rate of one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) hours in any given week.

55. Defendants' failure to pay overtime compensation was willful.

56. For the foregoing reasons, Defendants violated NYLL Article 19 § 663 and 12 NYCRR § 142 and are liable to Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, for unpaid wages in an amount to be determined at trial, liquidated damages, attorneys' fees, costs and interest as permitted by law.

### THIRD CLAIM FOR RELIEF
### (UNPAID "GAP TIME" WAGES UNDER NYLL)

57. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, realleges and incorporates by reference the preceding allegations as if fully set forth herein.

58. NYLL §§ 190, 191, and 663(1) require that employers pay wages to their employees in accordance with the agreed terms of employment.

59. Defendants failed to compensate Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, at their regular rate of pay for all hours that they worked in accordance with their agreed terms of employment.

60. Defendants' failure to pay wages in accordance with their agreed terms of employment was willful.

61. For the foregoing reasons, Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, are also entitled to all unpaid wages at their regular rate

12

of pay for their first forty hours of work, liquidated damages, attorneys' fees, costs and interest as permitted by law.

## FOURTH CLAIM FOR RELIEF
## (VIOLATION OF NYLL § 191)

62. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, realleges and incorporates by reference the preceding allegations as if fully set forth herein.

63. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, was employed as a manual worker or workingman, as defined by the New York Labor Law.

64. NYLL § 191 requires that employers pay wages to their employees on a weekly basis and "not later than seven calendar days after the end of the week in which the wages were earned."

65. Defendants failed to pay Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, their wages earned on a weekly basis and not later than seven calendar days after the end of the week in which the wages were earned, in violation of NYLL § 191.

66. Defendants' violations of the NYLL have been willful and intentional.

67. Due to Defendants' violations of the NYLL, Plaintiff is entitled to statutory damages equal to the total amount of the delayed wages, attorneys' fees and costs of this action.

**FIFTH CLAIM FOR RELIEF**
**(VIOLATION OF NYLL § 195(3))**

68. Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, realleges and incorporates by reference the preceding allegations as if fully set forth herein.

69. Defendants failed to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with accurate statements of their wages earned, including their amount of regular and overtime hours worked, gross wages, deductions, and net wages for each pay period as required by NYLL § 195(3).

70. Due to Defendants' failure to provide Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action, with an accurate wage statement with their wages as required by NYLL § 195(3), Plaintiff, Class Members and any FLSA Collective Action Plaintiff who opts-into this action are entitled to statutory damages, reasonable attorneys' fees and costs.

## SIXTH CLAIM FOR RELIEF
## (VIOLATION OF NYLL § 195(1))

71. Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if fully set forth herein.

72. Defendants failed to provide Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, with a written notice in their primary language – or at all – upon hire regarding, *inter alia*, their rate of pay, the basis of their rate of pay, the employee's regular pay day, the name, address and telephone number of the employer, and other information required by New York Labor Law § 195(1).

73. Due to Defendants' failure to provide Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, with the notice required by NYLL § 195(1), Plaintiff, Class Members, and any FLSA Collective Action Plaintiff who opts-into this action, are entitled to statutory damages, attorneys' fees and costs of this action.

**DEMAND FOR A JURY TRIAL**

74. Pursuant to Fed. R. Civ. P. 38(b), Plaintiff, FLSA Plaintiffs, and Class Members demand a trial by jury on all claims in this action.

**WHEREFORE,** as a result of the unlawful conduct and actions of the Defendants herein alleged, Plaintiff, FLSA Plaintiffs and Class Members, respectfully request that this Court grant the following relief:

(i) Issuing an order restraining Defendants from any retaliation against Plaintiff, Class Members and FLSA Collective Action Plaintiffs for participation in any form in this litigation;

(ii) Issuing a declaratory judgment that the practices complained of in this Complaint are unlawful under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and supporting regulations and the New York Labor Law, Article 19, § 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

(iii) Designating this action as an FLSA collective action on behalf of the Plaintiff and FLSA Collective Action Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective Action Plaintiffs apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

(iv) Certifying this action as a class action pursuant to Fed. R. Civ. P. 23;

(v) Awarding unpaid overtime compensation and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.* and the supporting United States Department of Labor regulations;

(vi) Awarding unpaid wages, including unpaid overtime compensation and unpaid wages due because of Defendants' failure to pay wages in accordance with employees' agreed terms of employment, pursuant to the New York Labor Law and the supporting New York State Department of Labor Regulations, plus an additional and equal amount as liquidated damages;

(vii) Awarding damages pursuant to New York Labor Law § 195(1), (3);

(viii) Awarding damages pursuant to NYLL § 191;

(ix) Awarding attorneys' fees incurred in prosecuting this action;

(x) Awarding costs incurred in prosecuting this action;

(xi) Awarding pre- and post-judgment interest as permitted by law; and

(xii) Such other and further relief as this Court deems just and proper.

Dated: Hauppauge, New York
February 21, 2020

    LAW OFFICE OF PETER A. ROMERO PLLC
    *Attorneys for Plaintiff*
    825 Veterans Highway, Suite B
    Hauppauge, New York 11788
    Tel.: (631) 257-5588

By: *David Barnhorn*
    _____
    DAVID D. BARNHORN, ESQ.
    PETER A. ROMERO, ESQ.